### In re MEADOW SWEET FARMS, Inc.
### No. 28385.

District Court, W. D. New York.
March 8, 1940.

Hubbell, Taylor, Goodwin, Nixon & Hargrave, of Rochester, N. Y., for petitioner.

James P. Donovan, of Canandaigua, N. Y., for trustee in bankruptcy.

Glenn L. Buck, of Rochester, N. Y., in pro. per.

BURKE, District Judge.

The petitioner, Lincoln-Alliance Bank and Trust Company, brings this proceeding claiming to be the owner and entitled to possession of the sum of $640.50 which has been collected by the trustee from the government. Its claim is based upon two assignments made by the bankrupt on July 8 and July 15, 1938, of accounts receivable including those of the Veterans' Administration for dairy products furnished the Veterans' Hospital at Canandaigua, New York. The accounts were assigned as collateral security for loans made to the bankrupt on the dates of the assignments. The adjudication in bankruptcy was August 29, 1938. The trustee has collected all sums due the bankrupt from the government including the sums due for invoices described in the assignments which form the basis of this claim. The assignments did not comply with the provisions of Section 203, Title 31 U.S.C.A., which section prescribes requirements for valid assignments of claims against the United States. The claims were not allowed by the government when the assignments were made and warrants did not issue thereon until after the adjudication in bankruptcy.

The evidence fairly establishes that the assignments were made for a present consideration and that no preference was created. The decision here turns on the interpretation of the statute regarding assignments. (Supra.) The Supreme Court held in National Bank v. Downie, 218 U.S. 345, 31 S.Ct. 89, 54 L.Ed. 1065, 20 Ann.Cas. 1116, where the controversy as to the right to the fund was, as here, between a trustee in bankruptcy and a prior assignee, that assignments not in accordance with the statute were null and void. In Martin v. National Surety Co., 300 U.S. 588, 57 S.Ct. 531, 81 L.Ed. 822, the court announced a more liberal view of the statute under other circumstances, but did not overrule the Downie case. I think the Downie case must control.

Accordingly, the motion is denied.